IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD KEY, JR., | § | |
| Petitioner, | § | |
| | § | 3:12-CV-1771-O |
| v. | § | 3:11-CR-0324-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Pursuant to a written plea agreement, Petitioner pled guilty to one count of conspiracy to commit wire fraud. On April 12, 2012, the Court sentenced Petitioner to 36 months in prison. Petitioner did not file an appeal.

On June 1, 2012, Petitioner filed the instant petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner argues his counsel was ineffective when counsel failed to object to the substance abuse portion of the PSR and failed to inform Petitioner of the inaccuracies in the substance abuse section of the PSR. Petitioner states these errors have prevented him from participating in a drug treatment program in prison.

The PSR states:

The defendant reported he consumes alcoholic beverages infrequently while socializing.

> He indicated he consumes two drinks per month.  He also reported that he smoked marijuana, on one occasion, in 2002.  He denied use of all other substances.  The defendant's mother and wife verified that the defendant has no history of substance abuse issues.

(PSR ¶ 48.)  Petitioner seeks to amend the PSR to state:

> The defendant reported he consumes alcoholic beverages infrequently while socializing.  He indicated he consumes two per month.  He also reported that he smoked marijuana, on a daily basis, and this started the year of 2005, and he had been smoking since then and even up until he was sentenced for his current offense.  He denied the use of all other substances.  The defendant's mother had no knowledge of his drug abuse.

(Pet. at 4.)

## II.  Discussion

Petitioner states he files this petition pursuant to 28 U.S.C. § 2255, and Federal Rules of Criminal Procedure 32 and 36.

The Fifth Circuit Court of Appeals has determined that, "[c]omplaints regarding the contents of a PSR must be raised before imposition of sentence." *United States v. Alexander*, 353 Fed. Appx. 885, 885 (5th Cir. 2009) (citing *United States v. Engs*, 884 F.2d 894, 895-97 (5th Cir. 1989)).  A district court therefore lacks jurisdiction to consider a post-judgment motion seeking to alter or amend the PSR.  *Id*. (finding district court lacked jurisdiction to consider petitioner's post-judgment Fed. R. Crim. P. 32 motion to correct the PSR); *United States v. Harvard*, 2000 WL 992505, 224 F.3d 766 (5th Cir. 2000) (per curiam) (same).

Additionally, Petitioner is not entitled to relief under Federal Rule of Criminal Procedure 36.  Rule 36 states that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  A clerical error occurs when "the court intended one thing but by merely clerical

mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008). Petitioner's claim that his drug history should be changed is a substantive change to the PSR and is outside the scope of Rule 36. This claims should be denied.

Finally, to the extent Petitioner argues his counsel rendered ineffective assistance of counsel, this claim does not entitle him to relief. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner states he informed his counsel prior to sentencing and the day of sentencing that he smoked marijuana daily. During the sentencing hearing, however, defense counsel agreed that he and Petitioner had reviewed the PSR and the addendum to the PSR. (Sent. Tr. at 4.) The

Court also provided Petitioner an opportunity to address the Court. Petitioner addressed the Court but did not dispute that he had reviewed the PSR and PSR addendum, and he did not claim there were any inaccuracies in the PSR. (*Id*. at 13-14.) Further, ineffective assistance of counsel claims are waived by a voluntary guilty "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claim does not relate to the voluntariness of his guilty plea. Petitioner's claim is therefore waived and should be denied.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 10th day of July, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).